UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN W. LOGUE,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTHERN STATES METALS COMPANY also known as NORTHERN STATES METALS CO., INC.,<br><br>    Defendant. | No. 2:14-CV-00996-KJM-EFB<br><br><br>ORDER |

        This matter is before the court on the application by plaintiff Kevin Logue for a right to attach order. (ECF No. 8.) Defendant Northern States Metals Company opposes the application. (ECF No. 11.) Finding the matter suitable for disposition on the papers, the court decided it without argument. As explained below, the court REMANDS this action for lack of subject matter jurisdiction. Plaintiff's application for a right to attach order is DENIED AS MOOT.

I. <u>BACKGROUND</u>

        On February 21, 2014, plaintiff commenced this action in Sacramento County Superior Court. (Def.'s Notice of Removal, Compl., Ex. B ("Compl."), ECF No. 1-3.) The complaint makes the following claims: (1) failure to pay wages; (2) waiting time penalties under California Labor Code section 203; (3) unfair business practices under California Business and

Professions Code section 17200; and (4) violation of California Labor Code section 226. (*Id.*) Defendant answered on April 22, 2014. (Def.'s Notice of Removal, Answer, Ex. C, ECF No. 1-4.)

On April 23, 2014, defendant removed the action to this court, asserting diversity jurisdiction. (Def.'s Notice of Removal at 1, ECF No. 1). On July 22, 2014, defendant filed an application for right to attach order. (ECF No. 8). Plaintiff opposed the application. (ECF No. 11.)

II. STANDARD

Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . ." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966 (9th Cir. 2004) (noting "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."). The Ninth Circuit strictly construes the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citation omitted). Accordingly, "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

To invoke this court's diversity jurisdiction, a defendant must establish there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To determine whether the amount in controversy has been met on removal, the "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mutual Auto. Ins. Co*, 116 F.3d 373, 377 (9th Cir. 1997); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004) (raising amount in controversy issue *sua sponte*).

/////

III. <u>ANALYSIS</u>

Here, the complaint seeks compensatory damages in the amount of $48,544 and waiting time penalties in the amount of $7,333.23. (Compl. at 5, ECF No. 1-3.) The complaint also seeks attorneys' fees under California Labor Code sections 218.5 and 226. (*Id.*) Defendant asserts that adding the potential attorneys' fees to the amounts sought by plaintiff, the damages exceed $75,000. (ECF No 1 at ¶ 11(b).)

To include attorneys' fees in calculating the amount in controversy, the fees must be recoverable by statute or contract whether the fee award is mandatory or discretionary. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, attorneys' fees are recoverable by statute. Cal. Lab. Code §§ 218.5(a) & 226.

District courts within the Ninth Circuit are split as to whether attorneys' fees incurred after the date of removal may be included to determine the amount in controversy. *See Kahlo v. Bank of Am., N.A.*, No. 12-0083, 2012 WL 1067237, at *3 (W.D. Wash. Mar. 28, 2012) ("There is disagreement among the courts of this circuit as to whether attorneys' fees incurred after the date of removal, up to and through the end of the case, are properly included in the amount in controversy."); *MIC Philberts Invs. v. Am. Cas. Co. of Reading, Pa.*, No. 12-0131, 2012 WL 2118239, at *5 (E.D. Cal. June 11, 2012) ("While the Ninth Circuit Court of Appeals has not yet spoken on the issue, . . . it appears that a nascent consensus may be emerging among the district courts of this Circuit, finding that attorneys' fees not yet incurred may not be included in the amount in controversy calculation."). In a recent case, this court has refused to include future attorneys' fees in the calculation of the amount in controversy, noting "[a]s a general rule, speculative and conclusory allegations as to the amount in controversy are inadequate for jurisdictional purposes." *Foltz v. Integon Nat'l Ins. Co.*, No. 1:14-00907, 2014 WL 4960765, at *3 (E.D. Cal. Oct. 2, 2014); *see Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient.").

Here, defendant merely states "[a]dding the potential damages for attorney's fees, it is factually apparent from the body of the [c]omplaint that the damages sought by [p]laintiff are

3

well in excess of $75,000." (ECF No. 1 at ¶ 11(b).) Defendant has not met its "burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." *Gaus*, 980 F.2d at 567. Accordingly, this court lacks subject matter jurisdiction.

IV.  CONCLUSION

For the foregoing reasons, the court REMANDS this action to Sacramento County Superior Court. Plaintiff's application for a right to attach order is DENIED AS MOOT.

IT IS SO ORDERED.

DATED:  November 20, 2014.

_____
UNITED STATES DISTRICT JUDGE